UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA, STATE
OF FLORIDA and NANCY CHASE,

    Plaintiffs,

v.                                           Case No: 8:10-cv-1061-T-30TGW

LIFEPATH HOSPICE, INC., GOOD
SHEPHERD HOSPICE, INC., MOBILE
PHYSICIAN SERVICES, P.A.,
CHAPTERS HEALTH, INC.,
CHAPTERS HEALTH SYSTEM, INC.,
RONALD SCHONWETTER, SAYED
HUSSAIN, DIANA YATES, RICHARD
M. WACKSMAN, JSA HEALTHCARE
CORPORATION, SUNRISE SENIOR
LIVING SERVICES, INC. and
SUPERIOR RESIDENCES, INC.,

    Defendants.

## **ORDER**

THIS CAUSE is before the Court on Defendants' Motion for Entitlement to Attorney's Fees (Dkt. 211), and Plaintiff's Response (Dkt. 215). The Court has reviewed these filings, the record, and the applicable law and concludes, as discussed briefly below, that the motion should be denied.

## **DISCUSSION**

In this action alleging violations of the False Claims Act, the Court recently dismissed Relator Nancy Chase's Fourth Amended Complaint, with prejudice, for failing

to adequately state her claims according to the applicable Federal Rules of Civil Procedure. In that dismissal order, the Court summarized the inadequacies:

> Throughout her complaint, Chase alleges the existence of widespread medical abuses committed by hospice-care and other medical providers. She fails, however, to allege the connection between those abuses and the existence of false claims submitted to the government for payment. Later in her complaint, Chase alleges that she objected to the medical abuses she became aware of. She fails, however, to allege the connection between the practices she objected to and the commission of fraud against the government.

(Dkt. 210, p. 24).

Now several Defendants move for the award of attorney's fees. The False Claims Act permits district courts to award attorney's fees to prevailing defendants if "the action was clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment." 31 U.S.C. § 3730(d)(4).

A careful review of the record makes clear that this case meets none of these descriptions. In dismissing her complaint, the Court acknowledged that Chase "describe[d] a private scheme in detail, to include facts as to some disturbing medical practices." Dkt. 210, p. 15. Chase's failure stemmed from her inability to connect these practices to the fraudulent submission of claims for payment. The Court also acknowledged, as the Eleventh Circuit has, that this standard is often a difficult one to meet, especially for someone like Chase who does not have firsthand knowledge of billing practices. Id. at 15–16 (citing *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002)). Falling short of this standard does not make a lawsuit frivolous, vexatious, or harassing. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980) ("The fact

that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").

Moreover, the United States investigated this case for more than five years before deciding that it would not intervene. And still, the government recently asked that the Court to clarify that its dismissal order was without prejudice against the government. (Dkt. 212). These facts, coupled with the complaint's well-pleaded allegations of disturbing medical practices, convinces the Court that this case is not among those Congress wanted to deter with the award of attorney's fees.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Entitlement to Attorney's Fees (Dkt. 211) is DENIED.

2. The case remains DISMISSED WITH PREJUDICE against Relator Nancy Chase and DISMISSED WITHOUT PREJUDICE against the United States.

3. The case is to remain closed.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of October, 2016.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record